IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLAUDE JORDAN, III,

          Plaintiff

    VS.

MICHAEL C. MOORE,

          Defendant

NO. 5:05-CV-128 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Plaintiff CLAUDE JORDAN, III filed the above-captioned federal lawsuit pursuant to 42 U.S.C. §1983. Jordan alleges that while he was incarcerated, defendant MICHAEL C. MOORE — a Correctional Emergency Response Team ("CERT") officer — employed excessive force against him in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Currently pending before the court is defendant Moore's MOTION FOR SUMMARY JUDGMENT (Tab #31) to which plaintiff Jordan has responded (Tab #32).

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. **Clark v. Coats & Clark, Inc**., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

In the light most favorable to the plaintiff, the facts show that a non-party guard at the prison in which the plaintiff was incarcerated made a comment to the plaintiff regarding his facial hair. The plaintiff then smiled and said that he would take care of it. The guard took issue with the plaintiff's upbeat attitude and had two CERT officers — one of whom was defendant Moore — take the plaintiff to the barber shop to be shaven. Instead of taking the plaintiff to the barber shop, the CERT officers took the plaintiff to the ID room where they used unnecessary force on the plaintiff who was not violating any prison policy and presented no threat to the officers or the prison community.[2]

Plaintiff Jordan has described the details of the beating in detail in his deposition. *See* Deposition of Claude Jordan, Defendant's Exhibit E, Tab #31-9 at 40-45. The allegations against defendant Moore include slamming the plaintiff against the wall, hitting him in the back and neck with his fists, throwing him on the ground, and kicking him.

# DISCUSSION
Eighth Amendment

The United States Supreme Court has set forth the standard by which a prison officer's use of force must be judged when it is alleged to be excessive:

> [T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

***Hudson v. McMillian***, 503 U.S. 1, 6 (1992) (internal punctuation omitted) (*quoting* ***Whitley v. Albers***, 475 U.S. 312 (1986)). In the instant case, it is undisputed that plaintiff Jordan was in no way causing a disruption or presenting any threat to prison safety or security. Therefore, ***any*** use of more than *de minimis* force would be a constitutional violation.

---

[2]Defendant Moore vehemently contests the plaintiff's version of the facts and points to a number of pieces of evidence, including the plaintiff's medical file which the defendant claims refutes the plaintiff's allegations. However, the evidence must be viewed in the most favorable light to the plaintiff at this point in litigation.

The defendant's argument that the extent of Jordan's injuries precludes suit is without merit. Even if the plaintiff did not provide medical evidence in support of his contention, which he did (*see* Plaintiff's Exhibits A-E attached to his response to the defendant's Motion for Summary Judgment), the Supreme Court has found that regardless of whether there is significant injury,

> [w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Hudson v*, 503 U.S. at 9 (internal citation omitted). While questions remain about the severity of the injuries the plaintiff received, there exists a factual dispute as to whether defendant Moore abused the plaintiff without justification.

Because an unprovoked use of force is clearly defined as a violation of the Eighth Amendment, Moore is not entitled to qualified immunity. Accordingly his MOTION FOR SUMMARY JUDGMENT should be **DENIED** with respect from the plaintiff's Eighth Amendment claims.

### State Claims

The plaintiff has also asserted that the rights guaranteed him by the State of Georgia were violated when the defendant attacked him. To the extent the plaintiff wishes to pursue claims based on state laws, his claims are barred by the Georgia Tort Claims Act (O.C.G.A. § 50-21-26) which requires that a plaintiff filing a complaint for claims under the Georgia Constitution give written notice of his claims to the appropriate government agency within twelve months of the date the cause of action arose. Plaintiff Jordan has not made any such showing of *ante litem* notice, nor has he even alleged that he filed such notice.

Accordingly, IT IS RECOMMENDED that the plaintiff's claims brought pursuant to Georgia State law be **DISMISSED**.

#### UNITED NATIONS CONVENTION AGAINST TORTURE

Finally, the plaintiff has cited the UNITED NATIONS CONVENTION AGAINST TORTURE AND OTHER CRUEL, INHUMANE, OR DEGRADING TREATMENT OR PUNISHMENT (18 U.S.C. §2340, *et seq.*), apparently as a cause of action in this case. The United Nations Convention specifically provides no relief in any civil proceeding based on that law.[3] Accordingly, IT IS RECOMMENDED that any claim brought pursuant to the United Nations Convention be **DISMISSED**.

### CONCLUSION

In light of the foregoing, IT IS RECOMMENDED that the defendant's MOTION FOR SUMMARY JUDGMENT be **GRANTED** in part and **DENIED** in part as consistent with the foregoing analysis. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 9th day of MAY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, ***nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding.*** 18 U.S.C. 2340B (emphasis added).